IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARRETT W. BURROUGHS**                                                                 **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 1:23-cv-294-TBM-RPM**

**KEESLER FEDERAL CREDIT UNION**                                                              **DEFENDANT**

## ORDER

This matter is before the Court *sua sponte*. Plaintiff Garrett W. Burroughs has sued Defendant Keesler Federal Credit Union for breach of contract, alleging violations of various federal statutes, the United States Constitution, and two Acts of Parliament. Because none of these mechanisms provide a valid federal cause of action, the Court retains no subject matter jurisdiction over this case. Thus, Mr. Burroughs' claims are dismissed without prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Garrett W. Burroughs entered into a loan agreement with Defendant Keesler Federal Credit Union for the purchase of a vehicle in May 2010. [1]-2, p. 1. This loan appears to be the only relationship between the parties. In September 2023, possibly as a way of getting out of a debt he owed, Mr. Burroughs appears to have begun using a tactic implemented by other *pro se* plaintiffs across the country of sending nonsensical financial instructions to defendants demanding that they fulfill certain tasks for the *pro se* plaintiffs, allegedly required by the Federal Reserve Act. On September 13, 2023, Mr. Burroughs sent Keesler, via its "CFO" Sam Sohi, a letter detailing that "the estate [presumably the titles and equity allegedly owed him] belongs to [Burroughs]," and instructing Keesler to "apply the principals balance to the principals account #account 1009405 for set-off." [1]-1, p. 1. Mr. Burroughs also required Keesler to inform him of the task's completion within five

business days, and submitted a copies of Section 16 of the Federal Reserve Act and a "MS Power of Attorney." *Id.*

On September 22, 2023, Mr. Burroughs sent Keesler a second letter, with a copy of Section 29 of the Federal Reserve Act, this time providing them an "opportunity to cure [the alleged breach of the September 13 letter] to provide remedy." [1]-1, p. 2. On September 29, 2023, Mr. Burroughs sent a third letter to Keesler entitled "Default Judgment," providing again the same instructions and "specifying the civil penalties." [1]-1, p. 1.

Receiving no response from Keesler, Mr. Burroughs sued Keesler *pro se* on October 27, 2023, alleging violations of his rights under of 12 U.S.C. 1431, Sections 16 and 29 of the Federal Reserve Act, the United States Constitution, 18 U.S.C. Section 8, "Bill of Exchange Act 1882," and the "Cestui que Vie Act/Trust 1666"—with all claims raising federal question jurisdiction under 28 U.S.C. Section 1331. [1], p. 3.

On January 19, 2024, following two extensions of time to answer, Keesler moved to dismiss [6] Mr. Burroughs' Complaint under Rule 12(b)(6) for failure to state a plausible claim. [6]. Keesler claimed that Mr. Burroughs simply sought the "return of the amounts he has paid Kessler for the amount loaned to him" under the guise of a breach of contract claim. [7], p. 2. On April 8, 2024, after receiving no response from Mr. Burroughs for nearly three months, the Court ordered Mr. Burroughs to show cause why the matter should not be dismissed for failure to prosecute by April 22, 2024. [8].

On April 22, 2024, Mr. Burroughs responded to the show cause [9], responded to the [6] Motion to Dismiss [10], and moved to Amend his Complaint [11]. On May 30, 2024, United States Magistrate Judge Robert P. Myers denied Mr. Burroughs' Motion to Amend [11], finding that the proposed amended complaint "merely reiterates what is already contained in his [original] Complaint." [14], p. 1. Now before the Court *sua sponte* are questions of jurisdiction. For the reasons

discussed below, Mr. Burroughs' claims are dismissed without prejudice for lack of subject matter jurisdiction. This case is closed.

## STANDARD OF REVIEW

"Subject-matter jurisdiction is essential for the federal judiciary to hear a case." *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Because federal courts like this one have limited jurisdiction, a complaint also must contain "clear, distinct, and precise affirmative jurisdictional allegations" to avoid dismissal. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). A "federal court may raise subject matter jurisdiction *sua sponte*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). As the federal rules prescribe, and courts have held, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006) (holding that the question of subject matter jurisdiction "may be raised . . . by a court on its own initiative [ ] at any stage in the litigation."); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (noting "*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction).

Here, Mr. Burroughs invokes federal question jurisdiction under 28 U.S.C. Section 1331. [1], p. 3. A federal court may dismiss a claim invoking federal question jurisdiction under 28 U.S.C. Section 1331 for lack of subject matter jurisdiction only if the claim "is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh,* 546 U.S. at 513 n.10. To strip a district court of subject matter jurisdiction, a plaintiff's federal claim must have no plausible foundation. *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th

Cir. 1992)). Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002), the Court—whether or not faced with a *pro se* plaintiff—"must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004). Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez*, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

## ANALYSIS

Mr. Burroughs has brought this *pro se* breach of contract action against Keesler, alleging violations of Sections 16 and 29 of the Federal Reserve Act, 12 U.S.C. Section 1431, the United States Constitution, 18 U.S.C. Section 8, "Bill of Exchange Act 1882," and the "Cestui Que Vie Act/Trust 1666." [1], p. 3. For the reasons discussed below, all claims are dismissed for lack of subject matter jurisdiction. After all, "this court is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017); *see Stephens v. Regal Car Sales & Credit*, No. 21-cv-343-CVE-SH, 2023 WL 2760061, at *3 (N.D. Okla. Mar. 31, 2023)

4

(dismissing *pro se* plaintiff's claims without prejudice *sua sponte* for lack of subject matter jurisdiction and going claim by claim: "Plaintiff cites the FDCPA, the FCRA, TILA, and federal criminal statutes . . . , and the Court will consider whether she has alleged a potentially valid claim under any statute.").

To begin, Sections 16 and 29 of the Federal Reserve Act, while federal law, do not create a private right of action and thus supply no source for the Court's jurisdiction. "When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute." *Lowe v. Viewpoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817, 106 S. Ct. 3229, 3236, 92 L. Ed. 2d 650 (1986)). Courts have held that several sections of the Federal Reserve Act, including Sections 16 and 29, do not create private rights of action. *See Whyte v. Collins*, No. 3:23-cv-1303, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023), *report and recommendation* adopted, No. 3:23-cv-1303, 2023 WL 5673450 (N.D. Tex. Sept. 1, 2023) (noting that 12 U.S.C. Section 411 (Section 16 of the Federal Reserve Act) "governs the issuance and redemption of Federal Reserve notes" and "imposes penalties on banks for an array of misconduct," but "the imposition of civil penalties under Section 29 . . . is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act.").[1] In sum, the Federal Reserve Act does not afford private citizens the right to

---

[1] *See also In re Tipton*, No. 3:22-mc-0004, 2022 WL 1028026, at *2 (S.D. Tex. Apr. 6, 2022) (finding Section 411 "does not provide a private cause of action."; *Escobar v. All. Credit Union*, No. 5:23-cv-125-H-BQ, 2023 WL 8720903, at *5 (N.D. Tex. Nov. 30, 2023), *report and recommendation adopted*, No. 5:23-cv-125-H-BQ, 2023 WL 8720693 (N.D. Tex. Dec. 18, 2023); *White v. Lake Union Ga Partners LLC*, Nos. 1:23-cv-02852-VMC, 1:23-cv-02960-VMC, 1:23-cv-02961-VMC, 1:23-cv-02962-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (finding that "Section 29 of the Federal Reserve Act does not provide [plaintiff] with a cause of action."); and *Murphy v. Cap. One*, No. 4:23-cv-1 120 HEA, 2023 WL 5929340, at *3 (E.D. Mo. Sept. 12, 2023) (dismissing case for lack of subject matter jurisdiction because the plaintiff only alleged that his bank violated Section 16 of the Federal Reserve Act, subjecting them to penalties under Section 29, which is carried out by federal officials, not private individuals).

sue for violations, and so these claims are dismissed without prejudice for lack of subject matter jurisdiction.

Second, Mr. Burroughs claims he is entitled to relief under 18 U.S.C. Section 8, 12 U.S.C. Section 1431, and potentially two Acts of Parliament of the United Kingdom: The Cestui que Vie Act/Trust 1666 and the "Bill of Exchange Act 1882." [1], p. 3. None of these provide him with a federal cause of action, providing jurisdiction—whether it be Section 8 or Section 1431,[2] or the Cestui que Vie Act/Trust 1666,[3] or the "Bill of Exchange Act 1882."[4] Accordingly, these claims are also dismissed without prejudice for lack of subject matter jurisdiction.

---

[2] *See Barnes v. Santander Consumer USA, Inc.*, No. 3:22-cv-02184, 2023 WL 2585537, at *4 (N.D. Ohio Mar. 21, 2023) ("Plaintiff cites to several statutes that appear irrelevant to the facts alleged in this Complaint," including "12 U.S.C. § 1431 (defining the powers of banks), . . . and 18 U.S.C. § 8 (defining the United States obligations and securities)," but she "fails to allege any facts to suggest how these statutes might apply."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) (noting that "18 U.S.C. § 8 . . . does not confer jurisdiction in that it is merely a definitional term" and "even if it were a substantiative provision, a criminal statute generally does not provide the basis for civil liability and a private citizen has no standing to enforce a criminal statute."); *Stephens*, 2023 WL 2760061, at *3 (dismissing *sua sponte* and finding that "Plaintiff has not alleged a colorable claim arising under federal law, and the Court cannot exercise federal question jurisdiction over this case," where plaintiff alleged a 12 U.S.C. Section 1431 violation, but made no specific factual allegations.).

[3] *See Mims v. Bank of Am.*, No. 6:23-cv-581-JDK-JDL, 2023 WL 8804324, at *1 (E.D. Tex. Dec. 20, 2023)( finding that "The Cestui Que Vie Act, a 1666 Act of Parliament, is an English Law that plainly does not provide a basis for federal question jurisdiction."). Moreover, while Mr. Burroughs does not expressly state he is a "sovereign citizen," some of his allegations and explanations are demonstrative of his claims being rooted in sovereign citizen ideology. *See Thomas v. Wells Fargo Bank*, No. cv 23-00206-TFM-B, 2024 WL 478068, at *1 (S.D. Ala. Jan. 12, 2024), *report and recommendation adopted*, No. 1:23-cv-206-TFM-B, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024) (commenting that plaintiff "cites the Cestui Que Vie Act of 1666 as basis for federal question jurisdiction and includes a document entitled 'DURABLE POWER OF ATTORNEY' both of which are tied to theories associated with the sovereign citizen movement."). These claims are properly dismissed for lack of subject matter jurisdiction *sua sponte. See, e.g., Ammon v. United States*, 142 Fed. Cl. 210, 220 (dismissing sovereign citizen redemption claim *sua sponte* for lack of jurisdiction); *Gravatt v. United States*, 100 Fed. Cl. 279, 285, 288 (2011) (dismissing, *sua sponte*, sovereign citizen claim founded on fictitious trust fund account with the United States Department of the Treasury for lack of jurisdiction).

[4] The Court has been unable identify a federal statute entitled "Bill of Exchange Act 1882." The British Parliament appears to have adopted a "Bills of Exchange Act" in 1882. But that statute provides no cause of action here. *See Wilson v. Aqua Fin.*, No. CV 3:23-5348-SAL-SVH, 2023 WL 7924150, at *1 (D.S.C. Oct. 26, 2023), *report and recommendation adopted*, No. 3:23-CV-05348-SAL, 2024 WL 1406015 (D.S.C. Apr. 2, 2024) (finding that the plaintiff's reference to "Bills of Exchange Act 1882" did not provide a federal cause of action).

Finally, Mr. Burroughs, while offering no specifics, alleges violations of the "United States Constitution." [1], p. 3. First, this bald allegation provides no basis for jurisdiction. *See Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017) (holding that plaintiff's vague references to the United States Constitution failed to establish federal question jurisdiction under well-pleaded complaint rule); *see also Cevallos v. Silva*, 541 F. App'x 390, 393 (5th Cir. 2013) (finding that a plaintiff's allegations were "too ambiguous to establish federal question jurisdiction definitively" when plaintiff alleged violations of his constitutional rights). Second, even if his claims were privately enforceable, at least as to *his* claims, Keesler is not a state actor constrained by the Constitution. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, 109 S. Ct. 454, 461, 102 L. Ed. 2d 469 (1988) (holding that "embedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be."). Therefore, this claim, too, is dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED Plaintiff Garrett W. Burroughs' claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Keesler Federal Credit Union's Motion to Dismiss [6] is DENIED.

This, the 8th day of August, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE